**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ESTATE OF CALVIN L. WOOTEN
by and through Joshua Wooten, its
duly appointed Personal Representative, and
JOSHUA WOOTEN,

Plaintiffs,

vs. No. 1:25-cv-00692-WJ-JMR

FIDELITY NATIONAL TITLE OF NEW
MEXICO, INC., et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**OF DISMISSAL WITHOUT PREJUDICE**

THIS MATTER is before the Court on the Court's Order Regarding Representation of Estate **[Doc. 7]** and Plaintiffs' Notice of Filing Declaration **[Doc. 9]**. The Court will dismiss this case without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order.

Plaintiff Joshua Wooten brings this action *pro se* in his capacity as the Personal Representative of the Estate of Calvin L. Wooten and individually. **[Doc. 1 at 1].** The Court issued an Order Regarding Representation of the Estate **[Doc. 7]**. In the Order, the Court notified Plaintiff Wooten that he could not represent the Estate of Calvin L. Wooten because he is not licensed as an attorney. **[Doc. 7 at 1-2]**. The Court ordered him to either have an attorney enter an appearance on behalf of the Estate or conclusively demonstrate with supporting documentation that he is the sole beneficiary of the Estate and there are no creditors. The Order also advised him that, if he failed to comply with the Order, the case could be dismissed. **[Doc. 7 at 4-5].**

In response, Plaintiff Wooten filed his Notice of Filing of Declaration of Sole Beneficiary and Absence of Creditors. **[Doc. 9]**. Attached to the Notice are a Declaration of Sole Beneficiary and Absence of Creditors, Letters of Administration issued by the State of New Mexico, Bernalillo County Probate Court, and two Assignments of Rights, Title, and Interest in Estate, purportedly assigning the rights, title, and interest of his two brothers in the Estate to Plaintiff Joshua Wooten. **[Doc. 9 at 2-5].**

*Pro se* Plaintiff Joshua Wooten, who is also bringing this action as the personal representative of the Estate of Calvin L. Wooten, is not an attorney authorized to practice before this Court. Plaintiff Joshua Wooten argues he has been appointed to serve as personal representative of the Estate to bring claims on behalf of the Estate. *See* Doc. 1 at 1; Letters of Administration, Doc. 9. However, a corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court. D.N.M.LR-Civ. 83.7

The right to proceed pro se in a civil action in federal court is permitted by 28 U.S.C. § 1654. Because *pro se* means to appear for one's self, however, a person may not appear on another person's behalf in the cause. Rather, a person must be litigating an interest personal to him. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). In *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000), the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Id.* at 1321 (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1.

One purpose of the rule against *pro se* litigants representing another party is to protect the interests of the represented party. Plaintiff may represent the Estate only if he is the sole beneficiary of the estate and there are no creditors. *See Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors."); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate.").

The Court ordered Plaintiff Joshua Wooten to either have an attorney authorized to practice in this Court enter an appearance on behalf of the Estate or conclusively demonstrate, with supporting documentation, that: (1) Plaintiff Joshua Wooten is the sole beneficiary of the Estate; and (2) there are no creditors. **[Doc. 7 at 4-5]**. In response, Plaintiff Wooten filed his conclusory Declaration that he is the sole beneficiary and that there are no creditors of the Estate. **[Doc. 9 at 2]**. However, neither the Letters of Administration nor the two Assignments conclusively demonstrate that Plaintiff Wooten is (even with the Assignments) the *sole* beneficiary. Further, although the Declaration recites that the Probate Court determined there were no creditors, he does not produce any supporting documentation for that recitation. **[Doc. 9 at 2-5]**. Plaintiff Joshua Wooten's self-serving Declaration is not sufficient to demonstrate there are no other beneficiaries or creditors. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient"). The Notice fails to comply with the requirements of the Court's Order.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

**IT IS ORDERED:**

**(1)** this case is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order; and

**(2)** all pending motions, including Motion to Dismiss **[Doc. 11]**, Motion to Dismiss **[Doc. 16]**, Motion to Dismiss **[Doc. 17]**, Motion to Dismiss **[Doc. 18]**, Opposed Motion **[Doc. 31]**, and Opposed Motion **[Doc. 32]** are **DENIED as moot** in light of dismissal of the case**.**

___/s/__________________________________
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE